

#350

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS LOCAL UNION NO. 380<br>HEALTH & WELFARE PLAN<br>3900 Ridge Pike<br>Collegeville, PA  19426<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS LOCAL UNION NO.380,<br>PENSION TRUST FUND<br>3900 Ridge Pike<br>Collegeville, PA  19426<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS LOCAL UNION NO.380<br>ANNUITY PLAN<br>3900 Ridge Pike<br>Collegeville, PA  19426<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS LOCAL UNION NO. 380<br>3900 Ridge Pike<br>Collegeville, PA  19426<br><br>                    Plaintiffs,<br><br>        v.<br><br>MCGUIRE ELECTRICAL CONTRACTING, INC.<br>d/b/a McGuire Electric Contracting<br>d/b/a McGuire Electrical Contractors, Inc.<br>d/b/a McGuire Electrical Contracting<br>829 Main Street<br>Pennsburg, PA  18073<br><br>                    Defendant. | CIVIL ACTION NO:<br><br>07 5205 |

### COMPLAINT

191217-1

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132, 1145.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the Eastern District of Pennsylvania are under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4. Plaintiffs, International Brotherhood of Electrical Workers Local Union No. 380 Health & Welfare Plan, International Brotherhood of Electrical Workers Local Union No. 380 Pension Trust Fund, International Brotherhood of Electrical Workers Local Union No. 380 Annuity Plan ("Welfare Plan", "Pension Fund" and "Annuity Plan" and, jointly, "Funds"), are trust funds established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5. Plaintiff, International Brotherhood of Electrical Workers Local Union No. 380 ("Union"), is an unincorporated association commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of McGuire Electrical Contracting, Inc. d/b/a McGuire Electric Contracting d/b/a McGuire Electrical Contractors, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

191217-1

6. Upon information and belief, Defendant, McGuire Electrical Contracting, Inc. d/b/a McGuire Electric Contracting d/b/a McGuire Electrical Contractors, Inc. d/b/a McGuire Electrical Contracting ("Company") is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

7. At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) with Local Union No. 380 of the International Brotherhood of Electrical Workers (singly or jointly, "Labor Contract").

8. The Company also signed or agreed to abide by the terms of the Trust Agreements of the Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting commerce to promote stable and peaceful labor relations.

9. Under the Labor Contract or Trust Agreements, the Company agreed:

(a) To make full and timely payments on a monthly basis to the Funds as required by the Labor Contracts;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the Funds; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's

191217-1

failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

## COUNT I – AMOUNTS DUE UNDER CONTRACT – SUM CERTAIN

### PLAINTIFFS

### v.

### COMPANY

10. The allegations of Paragraphs 1 through 9 are incorporated by reference as if fully restated.

11. Based upon information presently available to the Plaintiffs, the Company owes the Plaintiffs at least the sum of $63,581.18 under the Labor Contract or Trust Agreements for the period April 2007 through present.

12. The Company has not paid the Plaintiffs as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Plaintiffs for at least $63,581.18 plus all additional amounts found to be due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II – AMOUNTS DUE UNDER ERISA – SUM CERTAIN

### PLAINTIFFS

### v.

**COMPANY**

13. The allegations of Paragraphs 1 through 12 are incorporated by reference as if fully restated.

14. Based upon information presently available to the Plaintiffs, the Company has failed to pay to the Plaintiffs at least the sum of $63,581.18 for the period April 2007 through present in violation of 29 U.S.C. §1145.

15. The Plaintiffs have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Plaintiffs for at least $63,581.18 plus any additional amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

**COUNT III - AUDIT**

**PLAINTIFFS**

v.

**COMPANY**

16. The allegations of Paragraphs 1 through 15 are incorporated by reference as if fully restated.

191217-1

17. The Company is obligated to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds.

18. The amount of contributions and work dues the Company is required to pay to the Funds is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

19. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

20. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

21. No audit of the Company's books and records has been performed.

22. The Company is required by the Labor Contract, Trust Agreement or applicable law to permit the Funds to audit their records and to cooperate in determining the contributions due the Funds.

23. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

24. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in

191217-1

alternative methods for the determination of work for which contributions are due.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PLAINTIFFS

v.

### COMPANY

25. The allegations of Paragraphs 1 through 24 are incorporated by reference as if fully restated.

26. On information and belief, the Company has failed to make contributions to the Funds as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

27. On information and belief, the Funds have been damaged by the Company's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Plaintiffs individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

191217-1

## PLAINTIFFS

v.

## COMPANY

28. The allegations of Paragraph 1 through 27 are incorporated by reference as if fully restated.

29. On information and belief, the Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

30. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the Company's possession, custody, control or knowledge.

31. On information and belief, the Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or

191217-1

appropriate.

## COUNT VI – INJUNCTION

## PLAINTIFFS

v.

## COMPANY

32. The allegations of Paragraphs 1 through 31 are incorporated by reference as if fully restated.

33. A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

34. Unless ordered to do otherwise by this Court, Company will continue to refuse to submit remittance reports and/or pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to Company's employees and employees of other employers who fully and timely pay their contributory obligations.

35. All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(1) Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and

191217-1

Local Union No. 380 of the International Brotherhood of Electrical Workers (including its affiliated locals) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as the Company is contractually-required to do so.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____
ELIZABETH A. COLEMAN (EAC-7072)
ID NO. 201646
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106
(215) 351-0644
Attorney for the Plaintiffs

Date: 12/10/07

191217-1